**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| JUAN FLORES, *et al.*, | * |
| Plaintiffs, | * |
| | * |
| v. | Case No.: PWG-15-3063 |
| | * |
| ENVIRONMENTAL TRUST | * |
| SOLUTIONS, INC., *et al.*, | * |
| Defendants. | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Juan Flores, Angel Castillo, and Fidel Mejia have filed suit against Defendants to recover unpaid overtime wages, and Defendants have not responded to the pleadings. Plaintiffs have since filed a Motion for Default Judgment, ECF No. 11, to which Defendants have also not responded. Having reviewed the filing, I find that a hearing is unnecessary in this case. *See* Loc. R. 105.6. Because notice has not been sought for class members pursuant to a collective action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, nor has certification been sought under Federal Rule of Civil Procedure 23, this Memorandum and Order will be limited to the named Plaintiffs in this case. *See* Fed R. Civ. P. 23(c); 29 U.S.C. § 216(b). Plaintiffs have shown Defendants' liability and established some of the damages they seek. Accordingly, Plaintiffs' Motion for Default Judgment will be granted in part and denied in part.

## FACTUAL AND PROCEDURAL HISTORY

Defendant Environmental Trust Solutions, Inc. ("Environmental") is a Maryland corporation that performs environmental services such as "clearing asbestos, mold, and lead abatement." Compl. ¶ 4, ECF No. 1. Defendants Gbomai Bestman-Johnson and Bodger Johnson are husband and wife owners of Environmental. *Id.* ¶ 6. As owners, they "determine which employees will work at which job sites, the hours those employees are to work, when the employees will be paid, and how much the employees are paid." *Id.* ¶ 7. In addition, Mrs. Bestman-Johnson has the power to hire and terminate individuals, while Mr. Johnson controls the daily operations. *See* Flores Decl. ¶ 5, Pls.' Mot. Ex. 2, ECF No. 11-2; *see also* Compl. ¶ 8.

Plaintiff Juan Flores worked as a laborer for Environmental from approximately December of 2014 until August of 2015. *See* Flores Decl. ¶ 8. During that time, Mr. Flores asserts that "[he] worked a total of 34 full weeks for Defendants." *Id.* In addition, he was paid at a rate of "$16.00 per hour for 40 hours of work each week regardless of the number of hours [he] actually worked in excess of 40." *Id.* ¶ 9. Similarly, Angel Castillo also worked as a laborer for Environmental. He was employed from February 20, 2015 until August 20, 2015, totaling 24 full weeks. *See* Castillo Decl. ¶ 8, Pls.' Mot. Ex. 3, ECF No. 11-3. Mr. Castillo was paid at a rate of "$15.00 per hour for 40 hours of work each week." *Id.* ¶ 9. Likewise, Fidel Mejia worked for Defendants from May 1, 2015 until August 20, 2015, totaling 14 full weeks. *See* Mejia Decl. ¶ 8, Pls.' Mot. Ex. 4, ECF No. 11-4. Mr. Mejia was paid at a rate of "$14.00 per hour for 40 hours of work each week." *Id.* ¶ 9.

Plaintiffs Flores, Castillo, and Mejia all assert that on average they worked 55 hours per week; however, they only were paid for 40 hours each workweek. As a result, Plaintiffs allege that they were never compensated for any overtime hours, as mandated by the FLSA; the

Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl., §§ 3-401 *et seq.*; the

Maryland Wage Payment and Collection Law ("MWPCL"), Lab. & Empl., §§ 3-501 *et seq.*, and

in breach of their employment contracts.

On that basis, on October 8, 2015, Plaintiffs filed suit in this Court against Defendants

Environmental, Gbomai Bestman-Johnson, and Bodger Johnson for unpaid wages, citing

violations of the FLSA, MWHL, MWPCL, and breach of contract. *See* Compl. On June 7, 2016

Plaintiffs filed a Motion for Clerk's Entry of Default and a Motion for Default Judgment. ECF

Nos. 10 and 11. Based on Defendants failure to respond or otherwise defend in this proceeding,

on September 7, 2016, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk

issued an Entry of Default as to each defendant. ECF No. 12.

## DISCUSSION

### I.      Legal Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process when a

party applies for default judgment. First, the rule provides that "when a party … has failed to

plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

enter the party's default." Fed. R. Civ. P. 55(a). Following the Clerk's entry of default, "the

plaintiff [then may] seek a default judgment." *Godlove v. Martinsburg Senior Towers, LP*, No.

14-CV-132, 2015 WL 746934, at *1 (N.D.W. Va. Feb. 20, 2015); *see* Fed. R. Civ. P. 55(b).

"The Fourth Circuit has a 'strong policy' that 'cases be decided on their merits.'" *S.E.C. v.

Lawbaugh*, 359 F. Supp. 2d 418, 420 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491,

494 (D. Md. 2002)). However, "default judgment may be appropriate when the adversary

process has been halted because of an essentially unresponsive party." *Id.* at 420-22.

In determining whether to grant a motion for default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 484 (citing *Ryan*, 253 F.3d at 780-81). In order to do so, "the court may conduct an evidentiary hearing, or may dispense with a hearing if there is an adequate evidentiary basis in the record from which to calculate an award." *Mata v. G.O. Contractors Grp., Ltd.*, No. TDC-14-3287, 2015 WL 6674650, at *3 (D. Md. Oct. 29, 2015); *see* Fed. R. Civ. P. 55(b).

## II.    Liability

### A.  Plaintiffs' Claims under the FLSA, the MWHL, and the MWPCL

Plaintiffs' well-pleaded factual allegations, taken as true, establish liability under the FLSA, MWHL, and MWPCL. "A violation of the FLSA and the MWHL occurs when an employer fails to pay an employee overtime wages—one-and-one-half times the employees' base wage—for every hour over 40 hours worked in a week." *Mata,* 2015 WL 6674650 at, *4; *see* 29 U.S.C. § 207; Lab. & Empl. § 3-415. Here, Plaintiffs have established through their declarations that the Defendants violated FLSA and MWHL by failing to compensate the Plaintiffs for any overtime hours worked. Plaintiffs each assert in their declarations that they worked an average of 55 hours per week at Environmental. However, each workweek they only were paid for 40 hours of work at their respective base wage. Thus, Defendants are liable to Plaintiffs under the FLSA and the MWHL for unpaid overtime hours. *See Donovan v. Kentwood Dev. Co.*, 549 F. Supp. 480, 485 (D. Md. 1982) (stating that "a prima facie case [for violation of FLSA] can be made through an employee's testimony giving his recollection of hours worked").

In addition, Defendants are liable under the MWPCL. The MWPCL requires an employer to pay an "employee all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated." Lab. & Empl. § 3-505. The Maryland Court of Appeals has held that "both the [M]WHL *and* the [M]WPCL are vehicles for recovering overtime." *Peters v. Early Healthcare Giver, Inc.*, 97 A.3d 621, 625–26 (Md. 2014) (emphasis added). Plaintiffs assert in their declarations that the Defendants failed to pay overtime wages. In addition, Plaintiffs allege that "Defendants have a policy of refusing to pay an employee after an employee [has been] terminated." Compl. ¶ 23. As noted, Plaintiffs worked an average of 55 hours per week, but were only compensated for 40 hours of work per week. At the end of their employment with Environmental, Plaintiffs still had not been paid any overdue wages. Defendants' failure to compensate for overtime hours was "willful and intentional, was not the result of any bona fide dispute, and was not in good faith." *Id.* ¶ 80. Therefore, the Defendants also are liable under the MWPCL for unpaid overtime wages. *See Peters*, 97 A.3d at 625–26; Lab. & Empl. § 3-505.

### B. Plaintiffs' Breach of Contract Claim

Plaintiffs assert that Defendants also are liable based on breach of contract. The Maryland Court of Appeals has held that a plaintiff alleging breach of contract need only establish "'that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation.'" *Orellana v. Cienna Properties, LLC*, No. JKB-11-2515, 2012 WL 203421, at *5 (D. Md. Jan. 23, 2012) (citing *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001)). Although Plaintiffs have not provided the contract to the Court, Plaintiffs have demonstrated its existence sufficiently. They allege that they "entered into a contract with

Defendants whereby Plaintiffs … agreed to perform services for Defendants at an agreed upon wage rate." Compl. ¶ 81. Specifically, Plaintiffs each were employed by the Defendants as "laborers clearing asbestos, lead paint, and mold." *Id.* ¶ 26. In exchange, Defendants promised to pay Flores $16.00 per hour, Castillo $15.00 per hour, and Mejia $14.00 per hour. *See* Flores Decl. ¶ 9; Castillo Decl. ¶ 9; Mejia Decl. ¶ 9. However, Plaintiffs were not paid at all for any hours worked over 40 hours each week. Compl. ¶ 63. Therefore, Plaintiffs have established a *prima facie* claim for breach of contract. *See Orellana*, 2012 WL 203421, at *5.

### III.    Damages

#### A. Damages

In order to calculate damages, "the Court … may rely on affidavits or other evidentiary documents in the record to determine the amount of damages." *Quiroz v. Wilhelm Commercial Builders, Inc.*, No. WGC-10-2016, 2011 WL 5826677, at *2 (D. Md. Nov. 17, 2011). "The Court may award damages based on Plaintiffs' testimony even though the amounts claimed are only approximated and not perfectly accurate." *Lopez v. Lawns R Us*, No. DKC-07-2979, 2008 WL 2227353, at *3 (D. Md. May 23, 2008). Moreover, this Court has awarded damages for unpaid wages based on a Plaintiff's declaration asserting the average number of hours he worked. *See Cruz v. Home & Garden Concepts, LLC*, No. GJH-15-204, 2016 WL 3679139, at *5 (D. Md. July 12, 2016). Plaintiffs cannot recover under more than one theory, however. *See Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 333 (1980) Therefore, they only may recover an amount of regular damages equivalent to the overtime wages they establish they are owed; they cannot recover three times that amount by recovering under the FLSA, MWHL, and MWPCL. Nor can they recover unpaid wages under breach of contract when they have recovered overtime wages for those same hours worked under statutory law.

### 1.  Juan Flores

Flores asserts that he worked an average of 55 hours per week, for 34 full weeks.  *See* Flores Decl. ¶¶ 6 and 8.  Mr. Flores was paid at a rate of $16.00 per hour for 40 hours each week.  *Id.* ¶ 9.  Therefore, he is owed an average of 15 hours in overtime for each week, totaling 510 overtime hours (15 hours x 34 weeks).  Pursuant to the FLSA and the MWHL, overtime is paid at a rate of 1.5 times the usual wage.  *See* 29 U.S.C. § 207; Lab. & Empl. § 3-415.  Since Mr. Flores was not paid at all for any hours worked in excess of 40, he is due an amount of 1.5 times his regular rate ($24.00) multiplied by the total number of unpaid overtime hours worked (510 hours).  Accordingly, Flores is entitled to $12,240.00 in overtime wages.

### 2.  Angel Castillo

Castillo also asserts that he worked an average of 55 hours per week, for a total of 24 weeks.  *See* Castillo Decl. ¶¶ 6 and 8.  Mr. Castillo was paid at a rate of $15.00 per hour, but was never compensated for any hours worked in excess of 40 each week.  *Id.* ¶ 9.  Therefore, he is also owed an average of 15 hours in overtime for each week, totaling 360 overtime hours (15 hours x 24 weeks).  Mr. Castillo is due an amount of 1.5 times his regular rate ($22.50) multiplied by the total number of unpaid overtime hours worked (360 hours).  Accordingly, Castillo is entitled to $8,100.00 in overtime wages.

### 3.  Fidel Mejia

Finally, Plaintiff Fidel Mejia asserts that he worked an average of 55 hours per week, for a total of 14 weeks.  *See* Mejia Decl. ¶¶ 6 and 8.  Mr. Mejia was paid at a rate of $14.00 per hour, but was never compensated for any hours worked over 40 hours each week.  *Id.* ¶ 9.  Therefore, he is owed an average of 15 hours in overtime for each week, totaling 210 overtime hours (15 hours x 14 weeks).  Mr. Mejia is due an amount of 1.5 times his regular rate ($21.00) multiplied

by the total number of unpaid overtime hours worked (210 hours). Therefore, Mejia is due $4,410.00 in overtime wages.

### B. Enhanced Damages

Pursuant to the FLSA, an employer who withholds overtime compensation "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation … *and* in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added). On the other hand, the MWPCL states that "if an employer fails to pay an employee … not as a result of a bona fide dispute, the court may award the employee an amount not exceeding *3 times the wage* [treble damages], and reasonable counsel fees and other costs." Lab. & Empl. § 3-507.2(a-b) (emphasis added). Nevertheless, the Supreme Court has noted that it "goes without saying that the courts can and should preclude double recovery by an individual." *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 333 (1980); *see also Quiroz*, 2011 WL 5826677, at *3 ("Plaintiffs are entitled to recover liquidated damages under the FLSA or treble damages under the Maryland Wage Payment and Collection Law, but not both").

In this case, Plaintiffs have requested treble damages under the MWPCL, as well as liquidated damages under the FLSA. *See* Compl. ¶¶ 65 and 80. However, this Court has held that when "plaintiffs [do] not offer any evidence of consequential damages suffered because of the underpayments," liquidated damages under the FLSA are appropriate, rather than treble damages under the MWPCL. *Lopez*, 2008 WL 2227353, at *4 (D. Md. May 23, 2008); *see Clancy v. Skyline Grill, LLC*, No. ELH-12-1598, 2012 WL 5409733, at *8 (D. Md. Nov. 5, 2012) (granting liquidated damages, but denying treble damages where Plaintiff had not shown consequential damages). Here, Plaintiffs have not demonstrated any consequential damages

from the Defendants failure to pay overtime wages.  Therefore, I will deny Plaintiffs' request for treble damages, and instead award liquidated damages pursuant to the FLSA.  *See Lopez*, 2008 WL 2227353, at *4 (denying treble damages under the MWPCL and reasoning that "enhanced damages serve the dual purposes of compensating employees for consequential losses, such as late charges or evictions, that can occur when employees who are not properly paid are unable to meet their financial obligations") (citing *Admiral Mortg., Inc. v. Cooper,* 745 A.2d 1026, 1034 (Md. 2000)).

After applying the enhanced liquidated damages under the FLSA, Mr. Flores is due $24,480.00; Mr. Castillo is due $16,200.00; and Mr. Mejia is due $8,820.00

## C. Pre-Judgment Interest

Plaintiffs have requested pre-judgment interest.  "The purpose of pre-judgment interest is to make plaintiff whole." *Quirk v. Balt. Cnty., Md.*, 895 F. Supp. 773, 790 (D. Md. 1995).  Yet, "the Supreme Court has 'held that FLSA's liquidated damages were provided in lieu of calculating the costs of delay – which is the function of prejudgment interest – and therefore that a claimant could not recover both prejudgment interest and liquidated damages.'" *Kennedy v. A Touch of Patience Shared Hous., Inc.*, 779 F. Supp. 2d 516, 527 (E.D. Va. 2011) (quoting *Hamilton v. 1st Source Bank*, 895 F.2d 159, 166 (4th Cir. 1990) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 714–16 (1945)).  On that basis, the Fourth Circuit has affirmed a district court's refusal to award pre-judgment interest, reasoning that "[t]he award of liquidated damages more than adequately compensated [plaintiff] for the delay in payment of overtime wages due him." *Masters v. Md. Mgmt. Co.*, 493 F.2d 1329, 1334 (4th Cir. 1974).  Having awarded Plaintiffs twice the amount of unpaid overtime wages, Plaintiffs request for pre-judgment interest is hereby denied. *See Hamilton*, 895 F.2d at 166.

### D.  Post-Judgment Interest

Plaintiffs also request post-judgment interest.  "'Post-judgment interest is due on awards under the FLSA in accordance with 28 U.S.C. § 1961.'"  *Kennedy*, 779 F. Supp. 2d at 527 (quoting *Thomas v. Cnty. of Fairfax, Va.*, 758 F. Supp. 353, 370 (E.D. Va. 1991)).  Therefore, I will award post-judgment interest to Plaintiff as calculated under 28 U.S.C. § 1961.

### E.  Attorney's Fees and Costs

Furthermore, Plaintiffs seek attorney's fees and costs.  *See* Compl. ¶ 57.  Reasonable attorney's fees and costs are mandatory under 29 U.S.C. § 216(b).   In addition, the MWHL also provides that the Court may award reasonable attorney's fees and costs to an employee.  *See* Lab. & Empl. § 3-427(d).  In calculating an award for attorney's fees, the Court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *see Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (stating that "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award") (internal citations omitted).  Turning to court costs, under the FLSA and other similar fee-shifting statutes, "the costs that may be charged to losing defendants include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.'"  *Lopez*, 2008 WL 2227353, at *7 (quoting *Spell v. McDaniel,* 852 F.2d 762, 771 (4th Cir. 1988) (finding a $350 filing fee and a $200 service process fee "well within the categories of normal and necessary costs of litigation").

Therefore, the Court will award attorney's fees and costs to Plaintiffs.  To that end, Plaintiffs shall submit a bill of costs within fourteen (14) days of this Memorandum Opinion and

Order, with Defendants' response, if any, to be submitted within fourteen (14) days thereafter. In submitting their request for attorney's fees, Counsel for the Plaintiffs shall comply with Local Rule Appendix B, "Rules and Guidelines for Determining Attorneys' Fees in Certain Cases." *See* Loc. R. App. B.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment will be granted in part and denied in part.  Judgment will be entered in the amount of $49,500.  Plaintiffs will also be awarded for attorney's fees, costs, and post-judgment interest.  A separate order will follow.

Dated: September 28, 2016                     _____/S/_____
                                              Paul W. Grimm
                                              United States District Judge

adl