IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| JUAN FLORES, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: PWG-15-3063 |
| ENVIRONMENTAL TRUST SOLUTIONS, INC., *et al.*, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiffs Juan Flores, Angel Castillo, and Fidel Mejia filed suit in this Court against their former employer, Defendant Environmental Trust Solutions, Inc. ("ETS"), and it owners, husband and wife Bodger Johnson and Gbomai Bestman-Johnson on October 8, 2015. Compl., ECF No. 1. Plaintiffs sought to recover unpaid overtime wages through a breach of contract claim and claims of violations of the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 – 219; the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann, Lab. & Empl. §§ 3-501 – 3-509; and the Maryland Wage and Hour Law ("MWHL"), Lab. & Empl. §§ 3-401 – 3-431. *Id.* The Clerk of the Court entered defaults as to all Defendants at Plaintiffs' request when they failed to answer or otherwise defend, and I then entered a default judgment as to all Defendants. Sixteen months later, while Plaintiffs were applying for writs of garnishment and pursuing discovery in aid of execution, Defendants moved to vacate the default

judgment, and Plaintiffs then moved to compel discovery responses. ECF Nos. 23, 26.[1] Because Plaintiffs have provided insufficient evidence of service of process on ETS, I must vacate the entry of default as to ETS and the default judgment as to all Defendants, deny Plaintiffs' Motion to Compel Discovery Responses in Aid of Execution, and order service on ETS. Plaintiffs properly served the individual defendants, however, and therefore the entries of default as to Mr. Johnson and Mrs. Bestman-Johnson will not be vacated. Accordingly, I will grant Defendants' motion in part and deny it in part.

## **Background**

Mr. Johnson is the President of ETS, and Mrs. Bestman-Johnson is the Resident Agent for ETS. Defs.' Mot. & Mem. 3, ECF No. 23. They reside at 18682 Brooke Road, Sandy Springs, MD 20860 (the "Brooke Road address"). *Id.* The docket reflects Proofs of Service as to ETS, Mrs. Bestman-Johnson, and Mr. Johnson. ECF Nos. 4, 5, 6.

When Defendants did not respond to the Complaint, Plaintiffs filed a Request for Entry of Default and a Motion for Default Judgment on June 7, 2016, ECF Nos. 10 and 11, which Plaintiffs mailed to Defendants at the Brooke Road address, ECF Nos. 10-1 and 11-1. Plaintiffs contended that personal service on Mr. Johnson "was proper pursuant to Md. Rule 2-124(b)." Pls.' Req. for Entry ¶ 6. As for service on ETS and Mrs. Bestman-Johnson, they argued that it was proper under Md. Rule 2-124(b) for Mrs. Bestman-Johnson and Md. Rule 2-124(d) for ETS

---

[1] The parties fully briefed the Motion to Vacate. ECF Nos. 23, 24, 25. I stayed the briefing on Plaintiffs' Motion to Compel Discovery Responses, as well as the Motion to Shorten Time to Respond to Plaintiffs' Motion to Compel Discovery Responses, ECF No. 27, that Plaintiffs also filed. A hearing is not necessary. *See* Loc. R. 105.6.

In Plaintiffs' Opposition, Plaintiffs' counsel asserts that Defense counsel has accused him of lacking candor with the Court. Pls.' Opp'n 1–2. Defense counsel made no such accusations. *See* Defs.' Mot. & Mem. Going forward, counsel for both parties would be wise to focus on the merits of the case, which have value to the Court in deciding the issues, as opposed to *ad hominem* attacks, which do not and which suggest the lack of a strong argument on the merits.

2

because "the summons and associated documents were handed to Defendant Bodger Johnson personally," and he is Mrs. Bestman-Johnson's husband and ETS's President, "and he simply refused to physically grab them." *Id.* ¶¶ 7–9. The Clerk issued an Order of Default as to all Defendants on September 7, 2016, based on Defendants' failure to respond or otherwise defend in this proceeding. ECF No. 12.

I concluded that Plaintiffs established Defendants' liability and some of the damages they sought, and accordingly, I entered judgment in the amount of $55,120.00 against Defendants on September 26, 2016. ECF Nos. 13, 14. Plaintiffs sought attorneys' fees and costs on September 29, 2016, ECF No. 15, and mailed a copy of their fee petition to Defendants at the Brooke Road address, ECF No. 15-4. The fee petition memorialized the Court's entry of default and entry of judgment. Fee Pet. ¶¶ 6–7. I granted the petition on December 8, 2016. ECF No. 16.

Plaintiffs recorded the judgment in the Circuit Court of Maryland for Montgomery County on January 18, 2017. State Ct. Docket Nos. 1–3, ECF No. 24-7. The state court mailed a Notice of Entry of Foreign Judgment to Defendants on January 25, 2017. *Id.* at 7–8. Plaintiffs requested writs of garnishment in state court, *id.*, and filed an Application for Writs of Garnishment and Proposed Writs on October 2 and 9, 2017 in this Court, ECF Nos. 19, 21.

On December 7, 2017, Defendants responded to the legal proceedings for the first time, filing in state court an Answer and Motion to Quash/Dismiss Writ of Garnishment, as well as a Response to the state court's Show Cause Order. State Ct. Docket Nos. 39–40. Then, on February 8, 2018, more than two years after Plaintiffs filed suit, twenty months after Plaintiffs filed their Motion for Default Judgment, sixteen months after I granted it, almost a year after Plaintiffs recorded the judgment in state court, and two months after Defendants filed responses in state court, Defendants filed a Motion to Vacate Default Judgment in this action. ECF No. 23.

They move to vacate the default judgment as to all Defendants and seek leave to respond to the Complaint, which I construe as a request to strike the entries of default as well. *See id.*; Fed. R. Civ. P. 1.

### Standard of Review

Defendants filed their Motion to Vacate Default Judgment pursuant to Rule 55(c), arguing that there is good cause to set aside the default. Defs.' Mot. & Mem. 6, 8–9. Yet, Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and *it may set aside a <u>final default judgment</u> under Rule 60(b)*." Fed. R. Civ. P. 55(c) (emphasis added). Because there is "an interest in 'finality and repose'" when a court has entered a final judgment, relief from a default judgment, as opposed to relief simply from entry of default, "involves a more exacting standard to vacate." *Hawkins v. MV Transp., Inc.*, No. PJM-15-2169, 2017 WL 5716757, at *3 (D. Md. Nov. 27, 2017) (quoting *United States v. Moradi*, 673 F.2d 725, 727–28 (4th Cir. 1982)). Thus, for relief from a default *judgment*, a defendant typically must demonstrate not simply good cause but rather that "its motion is timely, that it has a meritorious defense to the action, that the opposing party would not be unfairly prejudiced by having the judgment set aside, and that one or more of the six grounds set forth in Rule 60(b) is satisfied." *Id.* (citing *Park Corp v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1986)). The grounds stated in Rule 60(b) are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> 
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> 
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> 
> (4) the judgment is void;

4

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Here, the Court entered a final default judgment, ECF No. 14, and therefore the Rule 60(b) standard applies. *See* Fed. R. Civ. P. 55(c); *Hawkins*, 2017 WL 5716757, at *3 ("Federal Rule of Civil Procedure 60(b) addresses the circumstances under which a Default Judgment may be vacated by a court.").

**Discussion**

In support of their argument that there is good cause to set aside the default judgment, Defendants contend that service was improper. Defs.' Mot. & Mem. 18–21. Thus, the issue is whether Defendants are entitled to relief under Rule 60(b)(4) based on the premise that, as a result of the allegedly improper service, the judgment is void. *See Koehler v. Dodwell*, 152 F.3d 304, 306–07 (4th Cir. 1998) ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant. Moreover, any judgment entered against a defendant over whom the court does not have personal jurisdiction is void." (citing *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984))); *e.g.*, *Hawkins*, 2017 WL 5716757, at *4 ("MV argues that it is entitled to relief under Rule 60(b)(4), alleging that Hawkins did not properly effectuate service of process on MV because she failed to provide a copy of both the Summons and the Complaint to CT Corporation."). Because I construe Defendants' Motion to rely on Rule 60(b)(4), timeliness is not an issue, and Defendants do not have to show that they have a meritorious defense. *See Hawkins*, 2017 WL 5716757, at *4 (noting that a "Rule 60(b)(4) Motion may be brought to set aside a void judgment at any time" and a "movant claiming relief under Rule 60(b)(4) need not establish a meritorious

5

defense" (quoting *Bd. of Trs. of the Int'l Union of Operating Eng'rs, Local 37 Benefit Funds v. Chesapeake Crane Serv., Inc.*, No. GLR-13-1245, 2016 WL 1253285, at *1 (D. Md. Mar. 30, 2016))). Nonetheless, Defendants still must "adduce sufficient evidence to satisfy the grounds set forth in Rule 60(b)(4)." *Id*.

### Mr. Johnson

Process server David Truong of 9528 Wandering Way, Columbia, MD 21045 stated in a Proof of Service signed "under penalty of perjury" on October 19, 2015, that he personally served Bodger Johnson at the Brooke Road address on October 19, 2015. ECF No. 6. Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual in the United States may be served by (1) "following state law for serving a summons . . . in the state where the district court is located or where service is made," or (2) personally delivering the summons and complaint to the individual, leaving them at the individual's home with another resident "of suitable age and discretion," or delivering them to an agent authorized to accept service. Fed. R. Civ. P. 4(e)(1), (2). Under the laws of Maryland, where this Court is located and where Plaintiffs insist that Mr. Johnson was served, an individual may be served

> (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery—show to whom, date, address of delivery."

Md. Rules 2-121(a).

Here, the summons and complaint were served on Bodger Johnson, an individual, personally. Truong Aff., ECF No. 6. This service is proper under Fed. R. Civ. P. 4(e)(2) and Md. Rule 2-121(a)(1), and therefore it also is proper under Fed. R. Civ. P. 4(e)(1). *See* Fed. R.

6

Civ. P. 4(e)(1), (2); Md. Rule 2-121(a)(1). Moreover, "[a] process server's filing of a proper proof of service constitutes '*prima facie* evidence of valid service of process.'" *Putt-Putt, LLC v. 416 Constant Friendship, LLC*, No. 12-3018-AW, 2013 WL 12246353, at *1 (D. Md. Feb. 13, 2013) (quoting *Ngabo v. Le Pain Quotidien*, No. DKC-11-0096, 2011 WL 978654, at *2 (D. Md. Mar. 17, 2011) (quoting *State Highway Admin. v. Kee*, 525 A.2d 637, 532–33 (Md. 1987))).

Certainly, Mr. Johnson now has filed an affidavit in which he states that he does "not recall being served the summons and complaint, and that [he] did not evade any alleged service of process." Johnson Aff. ¶ 5, ECF No. 23-1. Yet, after a "proper return of service" is filed, "'a mere denial of service is not sufficient' to rebut the presumption of validity." *Bd. of Trs. of the Int'l Union of Operating Eng'rs*, 2016 WL 1253285, at *2 (quoting *Wilson v. Md. Dep't of Env't*, 92 A.3d 579, 587 (Md. Ct. Spec. App. 2014)). Rather, "[t]he denial must be supported by 'corroborative evidence by independent, disinterested witnesses.'" *Id.* (quoting *Wilson*, 92 A.3d at 587). Corroborative evidence is required "because the affirmative testimony of the official process server acting in the regular routine of duty without a motive to misrepresent must be preferred to the negative evidence of one claiming not to have been served, either for reasons of public policy or as a matter of probability." *Id.* (quoting *Ashe v. Spears*, 284 A.2d 207, 210 (Md. 1971)). Thus, by offering only his own affidavit, Mr. Johnson has failed to rebut the presumption of validity of service of process on him. *See id.* Therefore, service of process was proper with regard to Defendant Johnson, and consequently the default was entered properly and the judgment against him is not void for lack of personal jurisdiction. *See id.*; *Armco*, 733 F.2d at 1089. However, as I will discuss further below, the judgment against him must be vacated because the judgment against ETS is void, and default judgment cannot be entered against a subset of defendants charged with joint and/or several liability when claims remain pending

against one or more defendants. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *United States for Use of Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967); *Mickerson v. Am. Brokers Conduit*, No. TDC-17-1106, 2018 WL 1083640, at *8 (D. Md. Feb. 28, 2018).

### Mrs. Bestman-Johnson

Truong stated "under penalty of perjury" in another Proof of Service that he signed on October 19, 2015, that he served Gbomai Bestman-Johnson via "[d]rop service at front door on Bodger Johnson (husband) on 10/19/15." ECF No. 5. Specifically, the affidavit stated:

> Attempt of service was made on 10/19/2015 at 6:37 pm at 18682 Brooke Road, Sandy Spring, MD 20860. The defendant's husband Bodger Johnson, also listed in the lawsuit, identified himself and accepted the summons that was addressed to him. However, he refused to accept the summons addressed to Environmental Trust [S]olution, INC, or Gbomai Bestman-Johnson, stating it did not have his name on it. The documents were drop served on his front steps before he closed the door.

*Id.* Thus, although Mr. Johnson "refused to accept" the copies of the documents in Bestman-Johnson's name, they were left with him. *See id.* Because he was at the home he shared with Mrs. Bestman-Johnson, his wife, this qualified as proper service of the summons and complaint on Mrs. Bestman-Johnson under the Maryland and Federal Rules by "leaving them at [her] home with another resident 'of suitable age and discretion.'" *See* Fed. R. Civ. P. 4(e)(2); *see also* Md. Rules 2-121(a)(2).[2]

---

[2] Defendants argue that the proofs of service "do not include any detailed description of Mr. Johnson … or additional details regarding the alleged exchange between the process server and Mr. Johnson." Defs.' Mem. 4. It is unclear whether this argument challenges the service on Mr. Johnson or Mrs. Bestman-Johnson. Defendants have not identified any such requirements under the Maryland or Federal Rules for personal service, and I am not aware of any. The Maryland Rules do require that, when a person is served pursuant to Md. Rule 2-121(a)(2), as Mrs. Bestman-Johnson was, "the proof . . . shall set forth a description of the individual served and the facts upon which the individual making service concluded that the individual served is of suitable age and discretion." Md. Rule 2-126(a)(2). Mr. Johnson was described in the affidavit as Mrs. Bestman-Johnson's husband. If this were not sufficient, I note that service still would be

Contrary to Defendants' argument, Mr. Johnson's refusal to accept in-hand delivery of the summons and complaint for Mrs. Bestman-Johnson does not render service insufficient. Under Maryland law, "[i]f a person resists service of civil process . . . by preventing the officer serving the process from entering the premises so that the officer cannot serve the process without force or personal risk," and it is not possible to leave a copy "[w]ith a responsible person at the premises," then "the officer shall leave a copy of the process . . . [p]osted as near the premises as practicable." Cts. & Jud. Proc. § 6-303(a). Indeed, such service "is as effective as actual personal service." *Id.* § 6-303(b). Thus, when the server left the summons and complaint on the front steps after Mr. Johnson refused to accept them on behalf of Mrs. Bestman-Johnson, he effected proper service of process. *See* Cts. & Jud. Proc. § 6-303.

In *Williams v. Williams*, 501 A.2d 432, 433–34 (Md. 1985), the Maryland Court of Appeals held that "[t]he service of process was sufficient" where, after the defendant refused to accept service and walked away, the server placed the documents in front of the defendant, on the receptionist's counter in the defendant's attorney's office. The *Williams* Court observed that "[t]he facts [before it were] similar to those before the Court in *Boggs v. Mining Co.,* 105 Md. 371, 66 A. 259 (1907)," where a deputy sheriff attempting to effect service and the defendant "got into the next room and slammed the door," after which the deputy sheriff "laid the copies on the table . . . in [the defendant's] office." *Williams*, 501 A.2d at 434–35 (quoting *Boggs*, 66 A. at 260–61). The *Boggs* Court concluded that service was sufficient, reasoning:

> Neither he nor the company he represented, if he did represent it for the purpose of the service, can be permitted to set up such a state of facts in support of the motion to strike out the judgment. He might as well have remained in his office and put his fingers in his ears while the deputy read the writ to him, and then claimed to be without information as to its contents or purpose. Defendants have

---

sufficient under the Federal Rules, which do not include this requirement. *See* Fed. R. Civ. P. 4(*l*)(1).

9

> frequently sought to evade or defeat service of process upon them by flight or refusal to accept the process handed them by the servicing officer but the Courts have held such efforts futile. *Davison v. Baker,* 24 How.Prac. 42 [39]; *Slaught [Slaght] v. Robbins,* 13 N.J.L. 349 [340]; *Borden v. Borden,* 63 Wis. 377 [374, 23 N.W. 573]; *Baker v. Carrecton [Carleton],* 32 Me. 334 [335].

*Williams*, 501 A.2d at 435 (quoting *Boggs*, 66 A. at 261).

This Court adopted the *Williams* Court's reasoning in *Neighborhood Dev. Collaborative v. Ginsberg*, No. AMD 03-1552, 2003 WL 23941712, at *1 (D. Md. Sept. 2, 2003), *aff'd*, 102 F. App'x 811 (4th Cir. 2004). There,

> a private process server entered Ginsberg's apartment building in New York for the purpose of serving Ginsberg with the summons and complaint in this action. Ginsberg came to the door of his apartment and spoke to the process server, but he would not open the door. When he learned that the process server was there to serve him with this lawsuit, Ginsberg threatened to call the police, apparently intending to imply that the process server was trespassing. In any event, upon Ginsberg's refusal to open the door to accept service, the process server attached the papers to the doorknob to Ginsberg's apartment and departed. Ginsberg retrieved the papers the next day.

*Id.* The plaintiff opposed Ginsberg's motion to dismiss, citing *Williams* and Cts. & Jud. Proc. § 6-303, and the Court stated that, "[f]or the reasons stated by plaintiff in its memorandum opposing the motion to dismiss, and as a matter of law, the facts recited above reflect effective service of process." *Id.*; *see also* Charles A. Wright & Arthur R. Miller, 4A Fed. Prac. & Proc. Civ. § 1095 (4th ed.) ("[A] face-to-face encounter and an in-hand delivery of the papers is not always essential. If the defendant attempts to evade service or refuses to accept delivery after being informed by the process server of the nature of the papers, it usually is sufficient for the process server to touch the party to be served with the papers and leave them in the defendant's presence or, if a touching is impossible, simply to leave them in the defendant's physical proximity." (citations omitted)).

Accordingly, Truong effected proper service of process on Mrs. Bestman-Johnson under Maryland and federal law by leaving the documents on the front steps of the Brooke Road address after Mr. Johnson refused service, and the default was entered properly against Mrs. Bestman-Johnson. *See Neighborhood Dev. Collaborative*, 2003 WL 23941712, at *1; Cts. & Jud. Proc. § 6-303; *Williams*, 501 A.2d at 433–35; 4A Fed. Prac. & Proc. Civ. § 1095. Thus, the judgment against her is not void for lack of personal jurisdiction. *See Armco*, 733 F.2d at 1089. But, as with the judgment against Mr. Johnson, the judgment against Mrs. Bestman-Johnson must be vacated because the judgment against ETS is void, and defendants are sued jointly and severally. *See Frow*, 82 U.S. at 554; *Hudson*, 374 F.2d at 944; *Mickerson*, 2018 WL 1083640, at *8.

## ETS

"Service is made upon a corporation, incorporated association, or joint stock company by serving its resident agent, president, secretary, or treasurer." Md. Rule 2-124(d).[3] As noted, Mrs. Bestman-Johnson is ETS's Resident Agent, and Mr. Johnson is its President. Thus, the issue is whether Plaintiffs served ETS by serving either of the individual defendants.

As proof of service on ETS, Plaintiffs (perhaps erroneously) filed another copy of the Proof of Service for Mrs. Bestman-Johnson. ECF No. 4. This document, while it refers to Mr. Johnson's "refus[al] to accept the summons addressed to *Environmental Trust [S]olution, INC*, or Gbomai Bestman-Johnson," only provides proof of service of the "summons for . . . Gbomai Bestman-Johnson," as it states that service was effected on "Bodger Johnson (*husband*)" and refers to "[t]he defendant's *husband* Bodger Johnson"; it does not identify Mr. Johnson as

---

[3] While Defendants argue that Plaintiffs should have effected service on ETS at its business address, Defs.' Mem. 18, they have not identified any such requirement in the Maryland or Federal Rules, and I am not aware of any.

President of ETS, the capacity in which he could have accepted service of process for the corporate defendant. *Id.* (emphasis added). Additionally, it states that Mr. Johnson refused service because "*it* did not have his name on *it*," referring only to the summons for Mrs. Bestman-Johnson, not the summonses for her and ETS. *See id.* (emphasis added). Moreover, "[t]he authority to effect service of process by 'leaving copies thereof at the . . . dwelling house or usual place of abode with some person of suitable age and discretion then residing therein' only applies to service of individuals, not corporate resident agents or managing agents." *Brown v. Am. Institutes for Research*, 487 F. Supp. 2d 613, 616 (D. Md. 2007) (citing Fed. R. Civ. P. 4(e)(2); Md. Rule 2-121(a)(2)). Therefore, insofar as Plaintiffs may have believed that this Proof of Service demonstrated that Mrs. Bestman-Johnson was served as ETS's Resident Agent, ETS could not be served by leaving the documents for Mrs. Bestman-Johnson as the Resident Agent with Mr. Johnson. *See id.*

Of course, Mr. Johnson could have been served instead, as ETS's President. *See* Md. Rules 2-124(d). But, Plaintiffs did not initially provide proof of such service. The Federal Rules of Civil Procedure require that "proof of service must be made to the court." Fed. R. Civ. P. 4(*l*)(1). Specifically, "the person effecting service of the summons and complaint must notify the court, through an affidavit, that he or she has served the defendant." *Varieur v. BIS Global*, No. PX-16-3111, 2017 WL 1133708, at *2 (D. Md. Mar. 27, 2017) (citing Fed. R. Civ. P. 4(*l*)). "Failure to prove service does not affect the validity of service," however, and "[t]he court may permit proof of service to be amended." Fed. R. Civ. P. 4(*l*)(3). Accordingly, given that Plaintiffs failed to file proof of service on ETS yet asserted that they effected service of process on all Defendants, and Defendants challenged the sufficiency of service, I afforded Plaintiffs the opportunity to file proper proof of service on ETS. ECF No. 29.

In response, Plaintiffs filed a Proof of Service signed by "Samantha Kilbride – Alliant Process Servers" of 9528 Wandering Way, Columbia, MD 21045, the same address that Truong provided. ECF No. 30.[4] Kilbride's affidavit, "declare[d] under penalty of perjury," is, like Truong's, dated October 19, 2015. *Id.* She stated: "*I* served the summons on . . . Bodger Johnson, who is designated by law to accept service of process on behalf of . . . Environmental Trust Solutions, Inc. on . . . 10/19/2015." *Id.* (emphasis added). On its own, this affidavit would provide proof of service on ETS. *See* Md. Rules 2-124(d). But, given the discrepancies between Truong's affidavit of service on Mrs. Bestman-Johnson and Kilbride's affidavit of service on ETS, which describe service attempts on ETS by different process servers and different means on the same date, there is insufficient evidence of service of process to support the entry of default or default judgment against ETS.

Without question, ETS had actual notice of the action against it, given the effective service of process on both its President and its Resident Agent in their individual capacities. And, it is true that, "[w]hen the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction," and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). On this basis, this Court has denied motions to dismiss for insufficient service of process. *E.g.*, *Curtis v. Md. Envt'l Serv.*, No. RDB-17-2728, 2018 WL 1394020, at *2 (D. Md. Mar. 19, 2018) (denying motion to

---

[4] The business records for the State of Maryland establish that Truong (as "Authorized Person") and Kilbride (as Resident Agent) filed Articles of Organization for Alliant Process, LLC, a limited liability company with its principal office at 9528 Wandering Way, Columbia MD 21045; the company was forfeited in October 2017 for failure to file a property return. See Alliant Process, LLC, https://egov.maryland.gov/BusinessExpress/EntitySearch/BusinessInformation/W16769341; *see also* Fed. R. Evid. 201(b)(2) (permitting the Court to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

dismiss for insufficient service of process where defendant had actual notice; noting that the Court did the same in *Syncrude Canada Ltd. v. Highland Consulting Grp.*, 916 F. Supp. 2d 260, 627 (D. Md. 2013), and *Ferebee v. United States*, No. GJH-16-3482, 2017 WL 3141914, at *2 n.5 (D. Md. July 24, 2017)).

Yet, in noting that actual notice may suffice for a case to continue in the absence of technically-proper service of process, the Fourth Circuit also observed that "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored," and concluded that, under the circumstances before it, in which "the means [of service] employed engender[ed] the kind of confusion which the defendant's officers reasonably experienced . . . , leaving them without clear notice of the necessity to respond," the district court lacked "jurisdiction of the defendant, and the default judgment was void." *Id.* Thus, this Court has required proof of service even where "actual notice has been established." *Atkin v. Goldberg's New York Bagels*, No. GJH-15-3413, 2017 WL 462509, at *3 & n.6 (D. Md. Feb. 1, 2017) (rejecting argument that service was not properly effected, but cautioning plaintiff that failure to file proof of service "may cause the Court to reconsider its ruling"). Moreover, it has noted that, even when the defendant has actual notice, "[w]hen a default judgment has been issued without valid service of process, a court is without personal jurisdiction over the defendant and the judgment is void." *Bd. of Trs. of the Int'l Union of Operating Eng'rs, Local 37 Benefit Funds v. Chesapeake Crane Serv., Inc.*, No. GLR-13-1245, 2016 WL 1253285, at *3 (D. Md. Mar. 30, 2016) (citing *Armco*, 733 F.2d at 1089). In *Board of Trustees of the International Union of Operating Engineers*, the Court found that Donatelli, an individual defendant, "received actual notice of the action when he signed the return receipt as Chesapeake's resident agent," but, because the plaintiff "failed to demonstrate the validity of service on Donatelli

individually," the Court concluded that "it did not have personal jurisdiction over Donatelli and the default judgment is void." *Id.* On that basis, it "grant[ed] Donatelli's Motion and vacate the Default Judgment as to Donatelli." *Id.*

Here, despite ETS's actual notice, this Court never obtained personal jurisdiction over it, and as a result, the default judgment against it is void. *See id.* I will vacate both the entry of default and the default judgment as to ETS and direct Plaintiffs to effect service of process on ETS.

**Effects on Judgment against Individual Defendants**

As a general rule, "when an action is brought against several defendants, charging them with joint liability," judgment cannot be entered against a defendant "until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2690 (3d ed.) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)); *see also United States for Use of Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967) (finding that the "procedure established for multiple defendants by Rule 54(b) [pertaining to judgments] is . . . applicable not only to situations of joint liability but to those where the liability is joint and/or several"); *Mickerson v. Am. Brokers Conduit*, No. TDC-17-1106, 2018 WL 1083640, at *8 (D. Md. Feb. 28, 2018) (noting that "it would be inappropriate to grant a default judgment against one defendant" when the court later may "dismiss the same claims against similarly situated defendants on the merits"). Instead, the Court should "'simply . . . enter a default' against the defaulting party, and . . . 'proceed with the cause upon the answers of the other defendants.'" *Sec. & Exch. Comm'n v. N. Star Fin., LLC*, No. GJH-15-1339, 2017 WL 5197402, at *2 (D. Md. Nov. 9, 2017) (quoting *Frow*, 82 U.S. at

554), *appeal dismissed sub nom. United States Sec. & Exch. Comm'n v. Martin*, 714 F. App'x 270 (4th Cir. 2018).

Here, Plaintiffs allege joint and several liability as to all Defendants. Compl. 9–14. Accordingly, because judgment has been vacated as to ETS, the default judgments against Mr. Johnson and Mrs. Bestman-Johnson must be vacated as well. *See Frow*, 82 U.S. at 554; *Hudson*, 374 F.2d at 944; *Mickerson*, 2018 WL 1083640, at *8. The entries of default against Mr. Johnson and Mrs. Bestman-Johnson remain on the docket, *see Sec. & Exch. Comm'n*, 2017 WL 5197402, at *2, and Plaintiffs may renew their motion for default judgment with regard to the individual defendants at such time as the matter has been adjudicated with regard to ETS, or if ETS defaults after having been served properly, and proof of such service has been filed with the Court, as required.

## **ORDER**

For the reasons stated in this Memorandum Opinion and Order, it is, this 16th day of May, 2018, ORDERED that

1. Defendants' Motion to Vacate Default Judgment, ECF No. 23, IS GRANTED IN PART AND DENIED IN PART as follows:

    a. The Default Judgment, ECF No. 14, IS VACATED as to all Defendants;

    b. The Order of Default, ECF No. 12, IS STRICKEN as to Defendant ETS, but not as to Defendants Johnson and Bestman-Johnson;

    c. The Order granting attorneys' fees to Plaintiffs in accordance with the Default Judgment, ECF No. 12, IS VACATED;

2. The Clerk SHALL REOPEN this case;

3. Plaintiffs ARE ORDERED to effect service of process on Defendant ETS within thirty days of the date of this Order;

4. Plaintiffs ARE CAUTIONED that failure to do so may result in the dismissal of this case in its entirety for failure to prosecute;

5. Plaintiffs' Motion to Compel Discovery Responses, ECF No. 26, IS DENIED AS MOOT; and

6. Plaintiffs' Motion to Shorten Time to Respond to Plaintiffs' Motion to Compel Discovery Responses, ECF No. 27, IS DENIED AS MOOT.

        /S/
Paul W. Grimm
United States District Judge

lyb