**DEDDEH ANSUMANA JONES**
*(Admitted Only to Practice Law in Maryland)*
Attorneys at Law
P.O. Box 30141
Washington, DC 20030
(202) 695-2035

**Sent Via ECF**
The Honorable Paul W. Grimm,
United States District Judge
United States District Court For the District of Maryland
6500 Cherrywood Lane Suite 465A
Greenbelt, MD 20770

Re: *Juan Flores, et al. v. Environmental Trust Solutions, Inc., et a*l. (Case No.: 08:15-cv-03063-PWG)

To the Honorable Paul G. Grimm:

Pursuant to this Honorable Court's case management order, Defendants seek to request a pre-motion conference with the Court regarding filing a Motion to Dismiss with prejudice under Fed. R. Civ. P. 12(B) or, alternatively, asks this Court to Dismiss this case with prejudice and costs for lack of prosecution, as required by the Federal Rules of Civil Procedure and this Court's Local Rules. *See* Fed. R. Civ. P. 41(b); Loc. R. 103.8(b).

Plaintiffs have *repeatedly* failed effect of service in accordance with Fed. R. Civ. P 12(A) and this Court's Orders, ECF 31, 35.

On May 16, 2018, this Court gave the Plaintiffs THIRTY (30) days to properly effect service of process on Defendant ETS and plainly "CAUTIONED that failure to do so may result in the dismissal of this case in its entirety for failure to prosecute." *See* ECF 31, p. 17.

On September 17, 2018, Plaintiffs filed their alleged proof of service just over THREE (3) months after the deadline to effect service was set for June 15, 2018. ECF 32.  And on that same day, Plaintiffs file their request for Entry of Default.

Defendants immediately challenged service filing an affidavit indicating that ETS' resident agent was not served on June 15, 2018.  Although not dispositive, Plaintiffs proffered a proof of service filing with several discrepancies: the Defendants address was spelled incorrectly, the wrong box checked off as mentioned by the Court, the signature was indistinguishable, and there was no additional information identifying who was served and when it occurred. Also, it is important to note that Plaintiffs had several alternative methods and sufficient time to effect service on the Defendant ETS.  Yet, Plaintiffs waited or delayed filing their alleged proof of service over 3 months after the deadline only to eagerly file another entry of default.

Although not required, it is also important to note that at no point has Plaintiff addressed any of Defendants arguments regarding the merits of this case proffered in Defendants' Motion to Vacate.

As for extension of time request, opposing counsel's reasons were entirely unrelated and irrelevant to the task at hand which was to provide proof of service. Opposing counsel has been the counsel of record on this case since the beginning and was well aware of the language barrier between him and Plaintiffs. The fact that opposing counsel wished to refer the case to another attorney does not negate his responsibility and liability for filing the proof of service.

Yet in still, this Honorable Court, in fairness and equity, gave Plaintiffs 30 days to file proof of service and then gave Plaintiffs an additional 14 days to comply with its Order. But instead of complying with the Order, Plaintiffs have requested a voluntary dismissal *without* prejudice, exactly one day before the extended deadline to file proof of service expires.

This Court gave "Plaintiffs **one final opportunity** to provide proof of service as to ETS" and "cautioned that, should [Plaintiffs] fail to do so, their claims against ETS [would] be dismissed **with prejudice**, as their **repeated failures** to show proper service indicate a lack of diligence in prosecuting their case, as required by the Federal Rules of Civil Procedure and this Court's Local Rules." *See* ECF 35, p. 16 (*emphasis added*).

Plaintiffs have been diligent in filing multiple Motions for Entry of Default, yet have **not** been diligent in their responsibility to fundamentally effect service after having ample and sufficient opportunity to do so. Plaintiffs' <u>Line Dismissing Complaint Against Environmental Trust Solutions, Inc. Without Prejudice</u> is an attempt to negate their liability in failing to effect service on the Defendant ETS and to circumvent the doctrine of *res judicata* after being warned twice by this Court and given the grace of additional time to comply with this Court's Order.

On the first occasion, this Court cautioned Plaintiffs <u>*without*</u> the explicit warning of dismissal with prejudice. *See* ECF 31, p. 17. On the second occasion, this Court cautioned Plaintiffs <u>*with*</u> explicit warning of dismissal with prejudice if they failed to comply with its Order, even before granting Plaintiffs the extension of time to file proof of service. *See* ECF 35, p. 3.

Moreover, there is a pending appeals case in the Court of Special Appeals of Maryland regarding the denial of Defendants' Motion to Dismiss the Circuit Court's grant of this Court's default judgment and award of attorneys' fees. The brief for Appellants-Defendants is due January 28, 2019 and an extension of time to file Appellants-Defendants brief has already been granted once. However, this Court's prompt decision on the motion to dismiss with prejudice would render the appeal moot.

As such, since Plaintiffs have *repeatedly* failed to effect proof of service as Ordered by this Court, Defendants seek permission to file a Motion to Dismiss with Prejudice or asks this Court to grant a dismissal of this case with prejudice and costs for lack of prosecution against all Defendants, barring Plaintiffs from amending the complaint.

Dated: 01/24/2019                                  Respectfully submitted,

/s/ *Deddeh Ansumana Jones*
Deddeh Ansumana Jones, Esq. (Bar No. 19509)
P.O. Box 30141
Washington, DC 20030
Email: deddeh.jones@gmail.com
Tel.: (202) 695-2035
Fax: (202) 478-2817

*Counsel for Defendants*
*Environmental Trust Solutions, Inc.,*
*Mr. Bodger Johnson, and*
*Mrs. Gbomai Bestman-Johnson*